## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK BROWN and LYNN BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> WIRTGEN GROUP, WIRTGEN AMERICA, INC., CATERPILLAR, INC., BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC, JOHN DOES 1-50, AND ABC CORPORATIONS 1-50, <br><br> Defendants. | CIVIL CASE NO. <br><br> _____ <br><br> CIVIL ACTION <br> JURY TRIAL DEMANDED <br><br> **REMOVAL NOTICE AND PETITION** <br> **UNDER 28 U.S.C § 1441(a)—** <br> **DIVERSITY JURISDICTION** <br><br> Removed from New Jersey Superior Court, Law Div., Burlington County, Dkt. No. BUR-L-2120-18 |

**TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that further to 28 U.S.C. §§ 1332, 1441(a), and 1446, the defendant WIRTGEN AMERICA, INC. ("Wirtgen America"), by and through its undersigned attorneys, hereby petitions to remove this action from the Superior Court of New Jersey for Burlington County to the United States District Court for New Jersey, on grounds set forth below.

## A. BACKGROUND

1.   On October 5, 2018, the Plaintiffs filed a complaint in the Superior Court of New Jersey, Burlington County styled Derrick Brown and Lynn Brown v. Wirtgen Group, et al., Case No. BUR-L-002120-18. A copy of the complaint is attached as Exhibit A.

2.   Over a period spanning from October 15 to 19, 2018, the defendants Wirtgen America, Caterpillar, Inc. ("Caterpillar") and Bendix Commercial Vehicle Systems, LLC ("Bendix") have separately received by way of the U.S. mails copies of the complaint and summons. All have consented to the removal of this lawsuit to the federal court.

3.   According to the complaint, Plaintiffs—husband and wife—are residents of Willingboro, New Jersey. They seek damages for personal injuries and loss of consortium allegedly suffered by the husband on October 19, 2016, when, during the course of his employment an air compressor on a road milling machine he was working near exploded, "causing [him] severe and permanent injuries," and propelling shrapnel into his face, "disfiguring him" with "permanent scars." (Ex. A, pars. 1, 8, 16.) The complaint alleges that "Wirtgen Group" manufactured the road milling machine, Wirtgen America distributed it, Caterpillar manufactured the machine's engine, Bendix manufactured the air compressor, and that these actions contributed to cause of the explosion.

Removal Notice and Petition—Diversity Jurisdiction

1171993

(Ex. A, pars. 9-12, 16, 18-22.) The complaint also identifies fictitious or nominal defendants, "Does 1-50" and "ABC Corporations 1-50." (Ex. A, par. 7.)

4. In consequence of injuries allegedly caused by defendants, plaintiffs seek compensatory and punitive damages, as well as loss of consortium. (Ex. A, the Demands to Counts One and Two, pp. 5, 6.)

5. According to the complaint, all named defendants are corporations existing and headquartered in states other than New Jersey, where Plaintiffs reside. (See Ex. A, pars. 1-5.)

6. As demonstrated below, this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. As such, the action is removable to this Court, as permitted by 28 U.S.C. § 1441(a).

7. Venue here is proper because the action is pending in the Superior Court of New Jersey, Burlington County, a place embraced by this Court. *See* 28 U.S.C. §§ 110, 1441(a).

Removal Notice and Petition—Diversity Jurisdiction

## B. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES

8.    Subject matter jurisdiction over this action is conferred upon this Court by 28 USC § 1332(a), based in part on the fact that the citizenship of all plaintiffs is diverse from the citizenship of all defendants, as supported by the complaint as follows:

8.1.    The Plaintiffs are all residents and citizens of New Jersey. (Ex. A, par. 1.)

8.2.    The defendant Wirtgen GmbH (incorrectly named "Wirtgen Group") is a "foreign corporation" with its principal place of business in Windhagen, Germany.  (See Ex. A, par. 2.)

8.3.    This defendant Wirtgen America is a corporation formed under the laws of Tennessee with its principal place of business in Tennessee. (See Ex. A, par. 3.)

8.4.    The defendant Caterpillar, Inc., is a corporation formed under the laws of Delaware with its principal place of business in Peoria, Illinois. (See Ex. A, par. 4.)

8.5.    The defendant Bendix Commercial Vehicle Systems, Inc., is a corporation formed under the laws of Delaware with its principal place of the business in Elyria, Ohio. (See Ex. A, par. 5.)

## C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9.      Subject matter jurisdiction over this action is conferred upon this Court by 28

USC § 1332(a), based in part on the fact that the amount in controversy

exceeds $75,000, as evidenced by the following:

9.1.    The complaint does not quantify the amount that Plaintiffs seek to recover as

damages in this action. (See generally Ex. A).

9.2.    But the complaint does seek "punitive and compensatory damages, attorney's

fees, costs [and] interest" for plaintiff Derrick Brown on allegations that the

air compressor explosion caused him "severe and permanent injuries" and

propelled shrapnel into his face, "disfiguring him" with "permanent scars."

(Ex. A, pars. 8, 16, 18 and Count One's Demand at p. 5.) The complaint also

seeks damages for loss of consortium in behalf of Derrick's wife, Lynn

Brown. (Ex. A, par. 25.)

9.3.    Where jurisdiction depends on the amount in controversy and where "plaintiff

has not specifically averred in the complaint that the amount in controversy is

less than the jurisdictional minimum," then "the case must be remanded if it

appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional

amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007)

(emphasis in original). "In personal injury cases, courts in the District [of New

Jersey] have found that there is no legal certainty that a plaintiff cannot

recover a jurisdictional amount if the plaintiff alleges severe and permanent injuries." *Morales v. Family Dollar, Inc.*, Civil Action No. 18-3758 (SDW) (LDW), 2018 U.S. Dist. LEXIS 130030, at *8, 2018 WL 3656166 (D.N.J. Aug. 2, 2018) citing *Dugan v. ACME Mkts., Inc.*, Civ. A. No. 15-5267 (RBK), 2016 U.S. Dist. LEXIS 6838, 2016 WL 266350, at *3 (D.N.J. Jan. 20, 2016); *Clark v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 45873, 2009 WL 1564175, at *3 (D.N.J. June 9, 2009); *Briggs v. Target Corp.*, 2015 U.S. Dist. LEXIS 30796, 2015 WL 1145127, at *4 (D.N.J. Mar. 13, 2015); *Fields v. Zubkov*, Civ. A. No. 08-2016 (WJM) (MF), 2008 U.S. Dist. LEXIS 124999, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008), remanded on other grounds, 2008 U.S. Dist. LEXIS 80285, 2008 U.S. Dist. LEXIS 802852008 WL 4561514 (D.N.J. Oct. 7, 2008). "Indeed, 'most removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits her damages below the jurisdictional limit.'" *Id.*, citing *Fields*, 2008 U.S. Dist. LEXIS 124999, 2008 WL 4447098, at *4.

9.4.   The Court should find, therefore, that the claims alleged in Plaintiffs' complaint satisfy the amount-in-controversy requirement provided in 28 USC § 1332(b). *See* 28 USC § 1446(c)(2)(B); *Frederico*, 507 F.3d at 197; *Morales*, 2018 U.S. Dist. LEXIS 130030, at *8.

1171993

### D. ALL DEFENDANTS WHO HAVE BEEN SERVED WITH PROCESS HAVE CONSENTED TO REMOVAL

10.    As required by 28 USC § 1446(b)(2)(A), all defendants who have been served with process have joined in this Notice to Remove.

10.1. The defendant Caterpillar, Inc., has informed Wirtgen America that it consents to the removal of this case and that shortly after this petition is filed it will file its consent with this Court.

10.2. The defendant Bendix Commercial Vehicle Systems, LLC, has informed Wirtgen America that it consents to the removal of this case and that shortly after this petition is filed it will file its consent with this Court.

10.3. The defendant Wirtgen GmbH (incorrectly named "Wirtgen Group") has informed Wirtgen America that it has not been served with the Plaintiffs' summons and complaint at its address at Reinhard-Wirtgen-Strasse 2, 53578 Windhagen, Germany (see Ex. A, par. 2), either directed to it in its correct name or in the incorrect name of "Wirtgen Group." (See also copy of the Superior Court's docket, attached as Exhibit C, in which a return of service on "Wirtgen Group" or the correctly named Wirtgen GmbH is absent and not otherwise indicated.) In the circumstances, "Wirtgen Group's" (or, rather, Wirtgen GmbH's) consent to remove is not required. This is because there is an exception "to the rule requiring all defendants join in the removal petition

Removal Notice and Petition—Diversity Jurisdiction

1171993

. . . . [that] arises when a non-resident defendant has not been served at the time the removing defendants file their petition. In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding." *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) citing 28 USC § 1446(b)(2)(A).

10.4.  Similarly, no consent is required from the fictitious defendants named in Plaintiffs' complaint, all of whom are unknown, nominal parties who have not been identified and served (see Ex. A, Ex. E). *See* 28 USC § 1446(b)(2)(A); *Balazik v. County of Dauphin*, 44 F.3d 209, 213, n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party . . . .").

## E. NOTICE OF REMOVAL IS TIMELY

11.  This Removal Notice and Petition is timely filed. As required by 28 USC § 1446(b)(3), it was filed within 30 days of these Defendants having ascertained that the case was removable, that is, after Caterpillar, Wirtgen America and Bendix had received a copy of the summons and complaint through the U.S. mail. (See Exhibits B). As further required by 28 USC § 1446(c)(1), this petition was filed within the one-year period following the commencement of Plaintiffs' action on October 5, 2018. (See Ex. A.)

1171993

## F.  THE SUPERIOR COURT HAS BEEN NOTIFIED OF THE REMOVAL

12.　　As required by 28 USC § 1446(d), a copy of this Removal Notice and Petition has been filed in the Superior Court of New Jersey for the County of Burlington, where the action originated, and has been served on the Plaintiffs' counsel on or about the time the Notice and Petition was filed with this Court.

## G. ALL PROCESS, PLEADINGS AND ORDERS ARE ATTACHED

13.　　As required by 28 USC 1446(a), copies of all process, pleadings and orders served upon the parties and filed in the state court action are attached hereto as Ex. A (the complaint) and Ex. B (papers received by Wirtgen America).

## H. CONCLUSION

This Court has subject matter jurisdiction over this case under 28 U.S.C. §1332, given the diversity of citizenship between all Plaintiffs and all Defendants who have actually been served; given that the amount in controversy exceeds $75,000; and given satisfaction of the procedural prerequisites to removal under 28 U.S.C. § 1446. As such, Defendants are entitled to remove this case to this Court under 28 U.S.C. § 1441.

WHEREFORE, the Defendants request that the action now pending before the Superior Court of New Jersey in the County of Burlington, Docket No. BUR-L-212018, be removed to this Court.

Removal Notice and Petition—Diversity Jurisdiction

1171993

In accord with 28 U.S.C.1446(a), this Removal Notice and Petition is signed pursuant to Fed.R.Civ.P. 11 by:

s/ Neil A. Tortora, Esq.
MORRISON MAHONEY LLP
2001 US Highway 46, Suite 200
Parsippany, New Jersey 07054
Tel. No. (973) 257-3526, Ext. 2564
Fax No. (973) 257-3527
ntortora@morrisonmahoney.com
Attorneys for Defendant,
WIRTGEN AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9ᵀᴴ day of November, 2018, I caused copies of the forgoing Removal Notice and Petition and attached Exhibits A, B and C to be electronically filed with the Clerk of the United States District Court, District of New Jersey, using the Court's electronic case filing system; I also caused paper copies of the same to be served upon the attorneys listed below using the U.S. mails sent to their addresses; and I also caused digital copies of the same to be served at the attorneys' email addresses, except for Plaintiffs' attorney, who was additionally served at his fax number (having no listed email address).

Benjamin Folkman, Esq.
FOLKMAN LAW OFFICES, P.C.
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
Tel. No. (856) 354-9444
Fax No. (856) 354-9776
Attorneys for Plaintiffs, Derrick and Lynn BROWN

James H. Keale, Esq.
TANENBAUM KEALE LLP
Three Gateway Center
100 Mulberry Street, Suite 1301
Newark, New Jersey 07102
Tel. No. (973) 242-0002
Fax No. (973) 242-8099

1171993

Jkeale@tktrial.com
Attorneys for Defendant, CATERPILLAR, INC.

Jeffrey L. O'Hara, Esq.
CONNELL FOLEY
1085 Raymond Blvd, 19th Floor
Newark, NJ 07102
Tel No. (973) 436-5800
Fax No. (973) 436-5801
johara@connellfoley.com
Attorneys for Defendant, BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC

By:     s/ Neil A. Tortora, Esq.
        2001 US Highway 46, Suite 200
        Parsippany, New Jersey 07054
        Tel. No. (973) 257-3526, Ext. 2564
        Fax No. (973) 257-3527
        ntortora@morrisonmahoney.com
        Attorneys for Defendant, WIRTGEN AMERICA,
        INC.

Removal Notice and Petition—Diversity Jurisdiction
1171993

# EXHIBIT A

BUR-L-002120-18   10/05/2018 10:56:41 AM   Pg 1 of 8 Trans ID: LCV20181739564

**FOLKMAN LAW OFFICES, P.C.**
Benjamin Folkman, Esquire
ID No. 000101984
1949 Berlin Road, Suite 100
Cherry Hill, NJ  08003
T: 856-354-9444
F: 856-354-9776
*Attorney for Plaintiffs*

| | |
|---|---|
| DERRICK BROWN and LYNN BROWN, (h/w),<br><br>     Plaintiffs,<br><br>    v.<br><br>WIRTGEN GROUP, WIRTGEN AMERICA, INC., CATERPILLAR, INC., BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC, JOHN DOES 1-50, and ABC CORPORATIONS 1-50,<br>     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>Law Division<br><br>Docket No.: BUR-L-   -18<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, by way of Complaint against the Defendants say:

## PARTIES

  1.  At all times relevant herein, Plaintiffs Derrick Brown and Lynn Brown, husband and wife, resided at 7 Executive Court, Willingboro, New Jersey 08046.

  2.  Upon information and belief, at all times relevant herein, Defendant Wirtgen Group ("Wirtgen"), was a foreign corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal place of business at Gmbh & Co. KG, Reinhard-Wirtgen-Strasse 2, 53578 Windhagen, Germany.

  3.  Upon information and belief, at all times relevant herein, Defendant Wirtgen America, Inc. ("Wirtgen America") was a corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal at 6030 Dana Way, Antioch, Tennessee 37013.

4.      Upon information and belief, at all times relevant herein, Defendant Caterpillar, Inc. ("Caterpillar") is a corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal at 501 Southwest Jefferson Avenue, Peoria, Illinois, 61630.

5.      Upon information and belief, at all times relevant herein, Bendix Commercial Vehicle Systems, LLC ("Bendix") is a corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal at 901 Cleveland Street, Elyria, Ohio 44035.

6.      At all times relevant herein, Defendants John Does 1-50, inclusive, are fictitious names for individuals, the identities of which are unknown at the present time, but who were involved in the defective design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, October 19, 2016 incident, and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, which was involved in the October 19, 2016 incident, which resulted in Derrick Brown sustaining severe and permanent injuries as a result of the Defendants' tortious misconduct.

7.      At all times relevant herein, Defendants ABC Corporations 1-50, inclusive, are fictitious names for corporations, partnerships, joint ventures, associations, or other forms of private or public entities, including business entities, the identities of which are unknown at the present time, but who were involved in the defective design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, October 19, 2016 incident, and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, which was involved in the October 19, 2016 incident, which resulted in Derrick Brown sustaining severe and permanent injuries as a result of the Defendants' tortious misconduct.

BUR-L-002120-18   10/05/2018 10:56:41 AM  Pg 3 of 8 Trans ID: LCV20181739564

## FACTS

8.      On October 19, 2016, Derrick Brown was employed by Trap Rock Industries, LLC ("Trap Rock") and was on a road milling crew. The road milling crew was supplied by Trap Rock with a Wirtgen Cold Milling Machine, model W2000 (the "milling machine").

9.      Upon information and belief, at all times relevant herein, Wirtgen designed, manufactured, assembled, produced, tested and/or labeled the milling machine and/or prepared, wrote, approved, and/or disseminated the milling machine's warnings, instructions, and/or guidance for operation and/or maintenance.

10.      Upon information and belief, at all times relevant herein, Wirtgen America distributed, supplied, maintained, repaired, serviced, and/or labeled of the milling machine, and/or prepared, wrote, approved, and/or disseminated the milling machine's warnings, instructions, and/or guidance for operation and/or maintenance.

11.      At all times relevant herein, the milling machine was equipped with an engine, which was designed, manufactured, assembled, produced, tested and/or labeled by Caterpillar; furthermore, Caterpillar prepared, wrote, approved, and/or disseminated the engine's warnings, instructions, and/or guidance for operation and/or maintenance.

12.      At all times relevant herein, the milling machine's engine was equipped with an air compressor, which was designed, manufactured, assembled, produced, tested and/or labeled by Bendix; furthermore, Bendix prepared, wrote, approved, and/or disseminated the air compressor's warnings, instructions, and/or guidance for operation and/or maintenance. The air compressor was powered by the milling machine's engine.

13.      At all times relevant herein, the milling machine's air compressor was connected by way of a hose to an air tank, which was attached to the side of the milling machine; a different hose connected the air tank to a nozzle area which workers could attach pneumatic a tool(s).

14.      At all times relevant herein, when the milling machine was on and the engine was running, the air compressor was also on; conversely when the milling machine's engine was off, the air compressor was off.

-3-

15.     At all times relevant herein, upon information and belief, Trap Rock serviced the milling machine, the engine, and the air compressor in accordance with the applicable operators' and maintenance manuals and/or instructions with which Defendants provided to it.

16.     On October 19, 2016, at approximately 07:21 am, Derrick Brown was standing beside the milling machine in the area of the air tank while the milling machine was in operation. Suddenly and without warning, the air tank exploded, causing Derrick Brown to be propelled off of his feet, landing on the ground, causing severe and permanent injuries. Additionally, where shrapnel was propelled into Derrick Brown's face, he has permanent scars, disfiguring him.

## COUNT ONE

17.     Plaintiffs incorporate by reference as fully as though the same were set forth in full herein the above paragraphs of the Complaint.

18.     Due to the defective design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, October 19, 2016 incident, and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, which was involved in the October 19, 2016 incident, and its component parts, the air tank exploded and caused the aforesaid injuries to Derrick Brown.

19.     The aforesaid milling machine, air compressor, and/or air tank was defective as follows: a) it was not reasonably fit, suitable and/or safe for its intended uses; b) the milling machine, air compressor, and/or air tank was designed, manufactured, marketed, and sold without proper testing and inspection intended to reveal any defects or unsafe conditions; c) the milling machine, air compressor, and/or air tank failed to contain proper instructions and warnings as to the potential hazards and dangerous propensities; d) the operators and/or maintenance manual for the milling machine, air compressor, and/or air tank failed to contain adequate instructions for the proper maintenance and/or service for the milling machine, air compressor, and/or air tank; and e) the milling machine, air compressor, and/or air tank was otherwise defective.

BUR-L-002120-18   10/05/2018 10:56:41 AM   Pg 5 of 8 Trans ID: LCV20181739564

20.     Defendants expressly and/or impliedly warranted that the milling machine, air compressor, and/or air tank was reasonably safe for its intended and foreseeable uses and, in fact, said was not reasonably safe for its intended and foreseeable uses as warranted.

21.     Defendants, their successors or assignees are strictly liable, careless and negligent in the design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, air compressor, and/or air tank and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, air compressor, and/or air tank and its component parts insofar as these Defendants failed to a) conduct any inspection or examination of said item to determine if it was free from defects; b) conduct proper tests of the design and manufacture of said item to determine if it was safe, fit and suitable for its intended use; c) provide Derrick Brown and/or Trap Rock with proper warnings and instructions of the dangerous propensities and potential hazards of the milling machine, air compressor, and/or air tank; d) provide Derrick Brown and/or Trap Rock with operators and/or maintenance manual for the milling machine, air compressor, and/or air tank that contained adequate instructions for the proper maintenance and/or service for the milling machine, air compressor, and/or air tank; and e) Defendants were otherwise negligent and liable under principles of strict product liability pursuant to <u>N.J.S.A.</u> 2A:58C-1, et seq. and under <u>Cavanaugh v. Skil Corp.</u>, 331 N.J. Super. 134 (App. Div. 1999), 164 N.J. 1 (2000).

22.     As a direct and proximate result of the aforesaid defective condition of the milling machine, air compressor, and/or air tank and/or the breach of warranties by one some or all of the Defendants, Derrick Brown suffered harm.

23.     All of the aforementioned acts or omissions of the Defendants were done in willful, wanton and reckless disregard to the health and safety of persons like Derrick Brown.

**WHEREFORE,** Derrick Brown demands judgment against Defendants, jointly, severally, and in the alternative for punitive and compensatory damages, attorneys' fees, costs, interest and such other relief as the Court deems just and equitable.

-5-

BUR-L-002120-18   10/05/2018 10:56:41 AM .Pg 6 of 8 Trans ID: LCV20181739564

### COUNT TWO

24.     Plaintiffs hereby incorporate the preceding paragraphs as though set forth at full herein.

25.     At all relevant times herein, Plaintiff Lynn Brown was the lawful wife of Derrick Brown, and was caused to be deprived of the society, services and consortium of her husband and will in the future continue to be so deprived.

WHEREFORE, Derrick Brown demands judgment against Defendants, jointly, severally, and in the alternative for punitive and compensatory damages, attorneys' fees, costs, interest and such other relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Benjamin Folkman, Esquire as trial counsel in this matter.

Respectfully submitted,
FOLKMAN LAW OFFICES, P.C.

By: _____
     BENJAMIN FOLKMAN

Dated: 10/2/18

## CERTIFICATION

The undersigned counsel certifies under R. 4:5-1 that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time. I certify the foregoing to be true.  I am aware if the above is willfully false, I am subject to punishment.

FOLKMAN LAW OFFICES, P.C.

By: _____
        BENJAMIN FOLKMAN

Dated: _____

### NOTICE PURSUANT TO RULE 1:7-1(b)

PLEASE TAKE NOTICE that, to the extent applicable, Plaintiffs may, at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis, without reference to a specific sum.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE INFORMATION

Demand is hereby made pursuant to R.4:10-2(b) and R.4:18-1(b) upon each party defendant herein, to produce true and correct copies of any and all insurance policies, including declarations pages, at the offices of Plaintiffs' counsel within forty-five (45) days from the date of service hereof.

FOLKMAN LAW OFFICES, P.C.

By: _____
        BENJAMIN FOLKMAN

Dated: _____

-8-

# EXHIBIT B

# FOLKMAN LAW

## OFFICES, P.C.

BENJAMIN FOLKMAN, ESQUIRE \* × \* ⊙ ■
SARAH SLACHETKA, ESQUIRE \* \* ⊙
PAUL C. JENSEN, JR., ESQUIRE \* ⊙
LAUREN M. LAW, ESQUIRE \* ⊙
EVE R. KELLER, ESQUIRE \* ⊙
JERALD CURETON, ESQUIRE \* ˟ ˟
MITCHELL J. RABIL, ESQUIRE/CPA \* ⊙
W. ROBB GRAHAM, ESQUIRE \* \* ⊙ ⊙
STEPHEN J. BUSTERNA, ESQUIRE (1957–2016)

\*   CERTIFIED BY THE SUPREME COURT OF
   NEW JERSEY AS A CIVIL TRIAL ATTORNEY
×   CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY
✓   BOARD CERTIFIED TRIAL ADVOCATE
   NATIONAL BOARD OF TRIAL ADVOCACY
•      MEMBER OF NJ BAR
      ⊙   MEMBER OF PA BAR
■   MEMBER OF AZ, DC, NY & VT BARS
         MEMBER OF FL BAR
            OF COUNSEL

October 12, 2018

Wirtgen America, Inc.
6030 Dana Way
Antioch, Tennessee 37103

Re:     Derrick Brown and Lynn Brown v. Wirtgen Group, Wirtgen America, Inc.,
        Caterpillar, Inc., Bendix Commercial Vehicle Systems, LLC, John Does 1-50,
        and ABC Corporations 1-50
        Docket No. BUR-L-2120-18

Dear Sir/Madam,

Enclosed please find the following documents which are hereby served upon you:
* One copy of the filed Complaint
* One copy of the filed Case Information Sheet;
* One copy of the filed Tracking Assignment Notice; and
* Summons.

Please provide the enclosed to your attorney or insurance company so that a response can be filed as soon as possible. Thank you for your prompt attention to this matter.

FOLKMAN LAW OFFICES, P.C.

By: _____

SARAH SLACHETKA
sslachetka@folkmanlaw.com

Enc.
cc:     Client (without enclosures)

1949 BERLIN ROAD, SUITE 100
CHERRY HILL, NEW JERSEY 08003
PHONE (856) 354-9444
FAX (856) 354-9776

135 S. 19TH STREET, SUITE 200
PHILADELPHIA, PENNSYLVANIA 19103
PHONE (215) 561-4848
FAX (215) 561-0455

**FOLKMAN LAW OFFICES, P.C.**
By: Benjamin Folkman
ID No. 000101984
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
(856) 354-9444
*Attorney for Plaintiff*

| | |
|---|---|
| DERRICK BROWN and LYNN BROWN, (h/w),<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WIRTGEN GROUP, WIRTGEN AMERICA, INC., CATERPILLAR, INC., BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC, JOHN DOES 1-50, and ABC CORPORATIONS 1-50,<br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>Law Division<br><br><br>Docket No.: BUR-L-2120-18<br><br><br>**SUMMONS** |

From The State of New Jersey to the Defendant(s) Names Above:

　　　　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　　　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

　　　　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Dated:　October 5, 2018

　　　　　　　　　　　　　　/s/ *Michelle M. Smith, Esq.*
　　　　　　　　　　　　　　Michelle M. Smith, Esq.
　　　　　　　　　　　　　　Clerk, Superior Court of New Jersey

Name of Defendant to be served:

　　　　　　　　　　　　　　**Wirtgen America, Inc.**
　　　　　　　　　　　　　　6030 Dana Way
　　　　　　　　　　　　　　Antioch, Tennessee 37013

**FOLKMAN LAW OFFICES, P.C.**
Benjamin Folkman, Esquire
ID No. 000101984
1949 Berlin Road, Suite 100
Cherry Hill, NJ 08003
T: 856-354-9444
F: 856-354-9776
*Attorney for Plaintiffs*

| | |
|---|---|
| DERRICK BROWN and LYNN BROWN, (h/w), <br><br> Plaintiffs, <br><br> v. <br><br> WIRTGEN GROUP, WIRTGEN AMERICA, INC., CATERPILLAR, INC., BENDIX COMMERCIAL VEHICLE SYSTEMS. LLC, JOHN DOES 1-50, and ABC CORPORATIONS 1-50, <br> Defendants. | SUPERIOR COURT OF NEW JERSEY BURLINGTON COUNTY Law Division <br><br> Docket No.: BUR-L-      -18 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, by way of Complaint against the Defendants say:

## PARTIES

1.    At all times relevant herein, Plaintiffs Derrick Brown and Lynn Brown, husband and wife, resided at 7 Executive Court, Willingboro, New Jersey 08046.

2.    Upon information and belief, at all times relevant herein, Defendant Wirtgen Group ("Wirtgen"), was a foreign corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal place of business at Gmbh & Co. KG, Reinhard-Wirtgen-Strasse 2, 53578 Windhagen, Germany.

3.    Upon information and belief, at all times relevant herein, Defendant Wirtgen America, Inc. ("Wirtgen America") was a corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal at 6030 Dana Way, Antioch, Tennessee 37013.

4.      Upon information and belief, at all times relevant herein, Defendant Caterpillar, Inc. ("Caterpillar") is a corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal at 501 Southwest Jefferson Avenue, Peoria, Illinois, 61630.

5.      Upon information and belief, at all times relevant herein, Bendix Commercial Vehicle Systems, LLC ("Bendix") is a corporation or other form of business entity authorized to do business in the State of New Jersey, with its principal at 901 Cleveland Street, Elyria, Ohio 44035.

6.      At all times relevant herein, Defendants John Does 1-50, inclusive, are fictitious names for individuals, the identities of which are unknown at the present time, but who were involved in the defective design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, October 19, 2016 incident, and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, which was involved in the October 19, 2016 incident, which resulted in Derrick Brown sustaining severe and permanent injuries as a result of the Defendants' tortious misconduct.

7.      At all times relevant herein, Defendants ABC Corporations 1-50, inclusive, are fictitious names for corporations, partnerships, joint ventures, associations, or other forms of private or public entities, including business entities, the identities of which are unknown at the present time, but who were involved in the defective design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, October 19, 2016 incident, and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, which was involved in the October 19, 2016 incident, which resulted in Derrick Brown sustaining severe and permanent injuries as a result of the Defendants' tortious misconduct.

BUR-L-002120-18 10/05/2018 10:56:41 AM Pg 3 of 8 Trans ID: LCV20181739564

## FACTS

8. On October 19, 2016, Derrick Brown was employed by Trap Rock Industries, LLC ("Trap Rock") and was on a road milling crew. The road milling crew was supplied by Trap Rock with a Wirtgen Cold Milling Machine, model W2000 (the "milling machine").

9. Upon information and belief, at all times relevant herein, Wirtgen designed, manufactured, assembled, produced, tested and/or labeled the milling machine and/or prepared, wrote, approved, and/or disseminated the milling machine's warnings, instructions, and/or guidance for operation and/or maintenance.

10. Upon information and belief, at all times relevant herein, Wirtgen America distributed, supplied, maintained, repaired, serviced, and/or labeled of the milling machine, and/or prepared, wrote, approved, and/or disseminated the milling machine's warnings, instructions, and/or guidance for operation and/or maintenance.

11. At all times relevant herein, the milling machine was equipped with an engine, which was designed, manufactured, assembled, produced, tested and/or labeled by Caterpillar; furthermore, Caterpillar prepared, wrote, approved, and/or disseminated the engine's warnings, instructions, and/or guidance for operation and/or maintenance.

12. At all times relevant herein, the milling machine's engine was equipped with an air compressor, which was designed, manufactured, assembled, produced, tested and/or labeled by Bendix; furthermore, Bendix prepared, wrote, approved, and/or disseminated the air compressor's warnings, instructions, and/or guidance for operation and/or maintenance. The air compressor was powered by the milling machine's engine.

13. At all times relevant herein, the milling machine's air compressor was connected by way of a hose to an air tank, which was attached to the side of the milling machine; a different hose connected the air tank to a nozzle area which workers could attach pneumatic a tool(s).

14. At all times relevant herein, when the milling machine was on and the engine was running, the air compressor was also on; conversely when the milling machine's engine was off, the air compressor was off.

BUR-L-002120-18   10/05/2018 10:56:41 AM  Pg 4 of 8 Trans ID: LCV20181739564

15.     At all times relevant herein, upon information and belief, Trap Rock serviced the milling machine, the engine, and the air compressor in accordance with the applicable operators' and maintenance manuals and/or instructions with which Defendants provided to it.

16.     On October 19, 2016, at approximately 07:21 am, Derrick Brown was standing beside the milling machine in the area of the air tank while the milling machine was in operation. Suddenly and without warning, the air tank exploded, causing Derrick Brown to be propelled off of his feet, landing on the ground, causing severe and permanent injuries. Additionally, where shrapnel was propelled into Derrick Brown's face, he has permanent scars, disfiguring him.

### COUNT ONE

17.     Plaintiffs incorporate by reference as fully as though the same were set forth in full herein the above paragraphs of the Complaint.

18.     Due to the defective design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, October 19, 2016 incident, and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, which was involved in the October 19, 2016 incident, and its component parts, the air tank exploded and caused the aforesaid injuries to Derrick Brown.

19.     The aforesaid milling machine, air compressor, and/or air tank was defective as follows: a) it was not reasonably fit, suitable and/or safe for its intended uses; b) the milling machine, air compressor, and/or air tank was designed, manufactured, marketed, and sold without proper testing and inspection intended to reveal any defects or unsafe conditions; c) the milling machine, air compressor, and/or air tank failed to contain proper instructions and warnings as to the potential hazards and dangerous propensities; d) the operators and/or maintenance manual for the milling machine, air compressor, and/or air tank failed to contain adequate instructions for the proper maintenance and/or service for the milling machine, air compressor, and/or air tank;  and e) the milling machine, air compressor, and/or air tank was otherwise defective.

-4-

20.     Defendants expressly and/or impliedly warranted that the milling machine, air compressor, and/or air tank was reasonably safe for its intended and foreseeable uses and, in fact, said was not reasonably safe for its intended and foreseeable uses as warranted.

21.     Defendants, their successors or assignees are strictly liable, careless and negligent in the design, manufacture, assembly, production, testing, distribution, supply, maintenance, repair, service, and/or labeling of the milling machine, air compressor, and/or air tank and its component parts, as well as the preparation, writing, approval and/or dissemination of warnings, instructions, and guidance for the operation and/or maintenance of the milling machine, air compressor, and/or air tank and its component parts insofar as these Defendants failed to a) conduct any inspection or examination of said item to determine if it was free from defects; b) conduct proper tests of the design and manufacture of said item to determine if it was safe, fit and suitable for its intended use; c) provide Derrick Brown and/or Trap Rock with proper warnings and instructions of the dangerous propensities and potential hazards of the milling machine, air compressor, and/or air tank; d) provide Derrick Brown and/or Trap Rock with operators and/or maintenance manual for the milling machine, air compressor, and/or air tank that contained adequate instructions for the proper maintenance and/or service for the milling machine, air compressor, and/or air tank; and e) Defendants were otherwise negligent and liable under principles of strict product liability pursuant to <u>N.J.S.A.</u> 2A:58C-1, et seq. and under <u>Cavanaugh v. Skil Corp.</u>, 331 N.J. Super. 134 (App. Div. 1999), 164 N.J. 1 (2000).

22.     As a direct and proximate result of the aforesaid defective condition of the milling machine, air compressor, and/or air tank and/or the breach of warranties by one some or all of the Defendants, Derrick Brown suffered harm.

23.     All of the aforementioned acts or omissions of the Defendants were done in willful, wanton and reckless disregard to the health and safety of persons like Derrick Brown.

WHEREFORE, Derrick Brown demands judgment against Defendants, jointly, severally, and in the alternative for punitive and compensatory damages, attorneys' fees, costs, interest and such other relief as the Court deems just and equitable.

BUR-L-002120-18   10/05/2018 10:56:41 AM  Pg 6 of 8 Trans ID: LCV20181739564

## COUNT TWO

24.     Plaintiffs hereby incorporate the preceding paragraphs as though set forth at full herein.

25.     At all relevant times herein, Plaintiff Lynn Brown was the lawful wife of Derrick Brown, and was caused to be deprived of the society, services and consortium of her husband and will in the future continue to be so deprived.

WHEREFORE, Derrick Brown demands judgment against Defendants, jointly, severally, and in the alternative for punitive and compensatory damages, attorneys' fees, costs, interest and such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Benjamin Folkman, Esquire as trial counsel in this matter.

Respectfully submitted,
**FOLKMAN LAW OFFICES, P.C.**

By: _____
            BENJAMIN FOLKMAN

Dated:  10/2/18

-6-

BUR-L-002120-18   10/05/2018 10:56:41 AM   Pg 7 of 8 Trans ID: LCV20181739564

## CERTIFICATION

The undersigned counsel certifies under R. 4:5-1 that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to the present action at this time. I certify the foregoing to be true.  I am aware if the above is willfully false, I am subject to punishment.

FOLKMAN LAW OFFICES, P.C.

By: _____
BENJAMIN FOLKMAN

Dated: 10/2/18

BUR-L-002120-18   10/05/2018 10:56:41 AM  Pg 8 of 8 Trans ID: LCV20181739564

### NOTICE PURSUANT TO RULE 1:7-1(b)

PLEASE TAKE NOTICE that, to the extent applicable, Plaintiffs may, at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time-unit basis, without reference to a specific sum.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE INFORMATION

Demand is hereby made pursuant to R.4:10-2(b) and R.4:18-1(b) upon each party defendant herein, to produce true and correct copies of any and all insurance policies, including declarations pages, at the offices of Plaintiffs' counsel within forty-five (45) days from the date of service hereof.

FOLKMAN LAW OFFICES, P.C.

By: _____
     BENJAMIN FOLKMAN

Dated: 10/3/18

-8-

BUR-L-002120-18   10/05/2018 10:56:41 AM  Pg 1 of 1 Trans ID: LCV20181739564

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-002120-18**

**Case Caption:** BROWN DERRICK  VS WIRTGEN GROUP

**Case Initiation Date:** 10/05/2018

**Attorney Name:** EVE ROSLYN KELLER

**Firm Name:** FOLKMAN LAW OFFICES, PC

**Address:** 1949 BERLIN ROAD SUITE 100
CHERRY HILL NJ 08003

**Phone:**

**Name of Party:** PLAINTIFF : BROWN, DERRICK

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/05/2018
Dated

/s/ EVE ROSLYN KELLER
Signed

```
BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:  OCTOBER 05, 2018
                        RE:    BROWN DERRICK  VS WIRTGEN GROUP
                        DOCKET: BUR L -002120 18

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON SUSAN L. CLAYPOOLE

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (609) 288-9500.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                        ATTENTION:

                            ATT: EVE R. KELLER
                            FOLKMAN LAW OFFICES, PC
                            1949 BERLIN ROAD
                            SUITE 100
                            CHERRY HILL     NJ 08003


ECOURTS
```